857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PARAMOUNT INDUSTRIAL COMPANIES, INC., Plaintiff-Appellee,
v.
FURNITURE & CARPETLAND, INC., Defendant-Appellant.
 No. 87-3760.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 7, 1988.
Decided: Sept. 6, 1988.
 
 C. Allen Riggins (William S. Hargroves, Parker, Pollard & Brown, on brief), for appellant.
 Christopher C. Spencer (McGuire, Woods, Battle & Boothe, on brief), for appellee.
 Before WIDENER and CHAPMAN, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Paramount Industrial Companies, Inc. (Paramount) brought this action against Furniture and Carpetland, Inc. (Furniture) seeking a past due trade account of more than $29,000 and interest, and, in addition, its attorneys' fees. The district court found for Paramount and entered judgment in favor of Paramount. Furniture appeals, claiming the district court violated the parole evidence rule and improperly awarded attorneys' fees without considering the proper factors. We affirm.
 
 
 2
 Paramount manufactures mattresses and box springs. Furniture sells mattresses through Mattressland, its division of retail stores. Paramount and Furniture began doing business in April of 1985. Furniture regularly purchased various mattresses, box springs and foundations from Paramount. The current dispute arose over advertising credits, which are allowances provided by manufacturers to retailers to help offset the retailer's cost of advertising the manufacturer's products. To resolve the dispute, a meeting was held in March of 1986 between Mehdi Kalarestaghi, the president of Mattressland, representing Furniture, and Mendes Morstein and Charles Schweitzer, both representing Paramount. At the March meeting, the negotiators discussed the volume of business for the coming year, the product mix, and advertising credits. Morstein and Schweitzer testified that as a result of the meeting Furniture agreed to engage in a million dollars worth of business at a certain product mix in return for a $25,000 advertising credit every quarter. The product mix allegedly agreed upon was that Furniture's sales would be at least 35% of Posture Bond (the more expensive bedding) and at most 40% of Special Quilt (the least expensive bedding). The product mix was critical to Paramount because there are different profit margins for different lines of bedding. Kalarestaghi testified repeatedly that Furniture made no commitments.
 
 
 3
 On March 12, 1986, a letter was sent from Schweitzer to Kalarestaghi. The relevant portions of the letter discussed future advertising credits as well as expected future volume and product mix. The letter also dealt with a $25,000 payment by Paramount to clear up past disputes over advertising credits. The district court ruled that all portions of the letter, except the paragraph dealing with the payment to clear up past disputes, were ambiguous, and that the letter at best was an offer.
 
 
 4
 The current dispute arose over the advertising credit for the quarter of April 1-June 30, 1986. In that quarter the volume of purchases by Furniture and Paramount was $162,334. The product mix was 12.4% Posture Bond and 64.3% Special Quilt. Paramount declined to issue the $25,000 advertising credit for the quarter. Furniture took the $25,000 advertising credit by deducting $25,000 from its final check to Paramount. The district court found that there was no enforceable contract allowing Furniture to take the advertising credit and therefore that Paramount should recover.
 
 
 5
 Furniture complains that the trial court allowed parole evidence to alter the terms of the March 12, 1986 letter. Furniture contends that this violated Md.Anno. Code CL Sec. 2-202 (1983), Maryland's parole evidence rule. As noted in Burroughs Corp. v. Weston Int'l Corp., 577 F.2d 137, 140 (4th Cir.1978), however, which applied Maryland law, "[t]he issue of admissibility of written or parole evidence at trial to prove the terms of an agreement of the parties requires an initial, substantive determination by the court of what constitutes the final and integrated agreement of the parties. .... The determination is dependent upon the facts of each case, and no relevant evidence should be excluded in making this determination." All parole evidence admitted by the district court was admissible in its determination of whether the March 12, 1986 letter was in fact intended by the parties as the final and integrated agreement. The district court found that the March 12, 1986 letter was not a final expression of the parties' agreement and therefore the parole evidence rule did not apply. The finding that the March 12th letter was not the final agreement is not clearly erroneous. See Anderson v. Bessemer City, 470 U.S. 564 (1985). In finding there was no contract, the district court credited Furniture's own witness, Kalarestaghi, who testified repeatedly that there was no commitment on Furniture's part and no agreement.
 
 
 6
 The district court found that Paramount was entitled to recover $11,641.23 under contractual provisions providing for reasonable attorneys' fees. Furniture agreed that if Paramount was entitled to recover the $25,000, then it was entitled to recover attorneys' fees associated with collecting the $25,000. Furniture now disputes the amount of attorneys' fees awarded by the district court. During trial, Furniture failed to present any evidence that the amount of attorneys' fees Paramount requested was unreasonable. It made no objection when Paramount introduced the itemized statement of attorneys' fees into evidence. The disputation of the claim at trial by Furniture consisted of two assertions by counsel that: "The amount (of attorneys' fees) is still in dispute," and "I don't agree with it (the itemized bill)."
 
 
 7
 In Blum v. Stenson, 465 U.S. 886, (1984), the Supreme Court was confronted with much the same issue. The Court declined "to consider petitioner's further argument that the hours charged by respondent's counsel were unreasonable. As noted above, petitioner failed to submit to the district court any evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted in the affidavits submitted by respondent's counsel. She therefore waived her right to an evidentiary hearing in the district court. In view of the trial strategy she chose, petitioner waived her right to challenge in this court the district court's determination that the attorneys' fees were reasonable for cases of similar complexity." Id. at 892 n. 5 (citations omitted).
 
 
 8
 We follow Blum and find that Furniture waived its right to challenge the district court's determination regarding the reasonableness of attorneys' fees since it did not factually contest the issue in the district court.
 
 
 9
 We decline at this time to remand the case to determine attorneys' fees incurred on appeal as that question has not been presented to us.
 
 The judgment of the district court is
 
 10
 AFFIRMED.